LESTER B. HUFF, RESPONDENT, v. WILLWORTH WALLACE, APPELLANT.

Argued November 4, 1915—Decided March 8, 1916.

The statutory duty of an innkeeper to provide stabling and provender originally meant stabling and provender for horses or cattle, and this duty hardly extends to the obligation to keep a garage for automobiles. But even if such a duty be conceded, when the innkeeper rented the garage to others to conduct business there, he thereby abandoned any right which he might have to the exclusive use of the name by which the garage was designated before he rented it.

---

On appeal from the Warren Pleas.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE and BERGEN.

For the plaintiff-respondent, *Harlan Besson.*

For the defendant-appellant, *George A. Angle.*

The opinion of the court was delivered by

SWAYZE, J.   Two causes of action are set forth in the complaint—(1) libel; (2) conversion.   The libel alleged consisted in letters written to the freight agents and express agents of the various railroads at Blairstown, forbidding them to deliver express or freight addressed "Blairstown Garage" to anyone but the defendant, or his representative, and alleging that "certain parties have been using the name Blairstown Garage for fraudulent commercial purposes."   The conversion alleged was of certain automobile supplies which seem to have been addressed to Blairstown Garage, and to have been taken by defendant, although claimed by the plaintiff.   The foundation of the litigation is conflicting claims to the trade name "Blairstown Garage."   The facts are as follows:

Prior to April 1st, 1912, one Stout had been conducting a tavern known as the Blairstown House.   In connection therewith he had a garage, which seems to have been no more than an adjunct to the tavern.   On April 1st, 1912, he rented this garage to the defendant, Wallace, who conducted it for two years as an independent business under the name "Blairstown Garage."   A sign was put up by Wallace bearing that name.   Prior to April 1st, 1914, Wallace was notified to vacate.   Thereafter, in January, 1914, he filed with the county clerk a certificate that he intended to carry on business under the name of Blairstown Garage.   When his tenancy expired, he took with him the sign and moved to another part of the town where he has since conducted business under that trade name.   Stout rented the garage to Huff from April 1st, 1914, and Huff has there conducted business under the same name as the defendant.

It is rather difficult to say what precise question was submitted to the jury. It is enough to say in this respect that the charge is based on a fundamental misconception of the rights of the parties. The judge charged that the name "Blairstown Garage" belonged to the hotel—to the place and not to the person. He drew this conclusion from what he conceived to be the legal duty of a licensed tavernkeeper to provide a garage for automobiles, either in lieu of or in addition to, the statutory obligation to provide stabling and provender. Holding this view, he charged that the plaintiff, as Stout's lessee, had a right to the enjoyment of the name "Blairstown Garage" without being interfered with by the defendant. If we could bring ourselves to the view that stabling and provender, which, of course, originally meant stabling and provender for horses or cattle, has now come to mean a garage for automobiles, including, we suppose, a supply of gasoline and repairs, we should still be unable to see how Stout could claim any right by reason of the statute, since, confessedly, from April 1st, 1912, he failed to perform this supposed duty of a tavernkeeper, and rented out the garage to the defendant for two years, and to the plaintiff since. Clearly, whatever right there may be to the use of the name "Blairstown Garage" must be determined as a matter of fact from all the circumstances, and cannot be based as a matter of law upon the mere fact that Stout was a licensed tavernkeeper. Apparently, if he ever had an exclusive right to the name, he had abandoned it when he rented the garage and allowed the defendant to set up a sign and conduct business under the name.

The judge repeated his error when he charged that whatever right the hotelkeeper had in the hotel, he had the same right in the garage, as a part of the hotel. It is true that he afterward charged that if the plaintiff or Stout had acquired the name and was known to the public as Blairstown Garage, then the plaintiff, as Stout's lessee, should have the right to have the name protected. This, however, did not correct the previous error, since it still left it open for the jury to find

that Stout had acquired the right to the name as matter of law from the mere fact that he had the tavern license. That the judge himself did not mean to qualify his earlier charge is shown by his subsequent charge that if the jury found that the defendant had no right to use the name "under the law as I charge you," and that the plaintiff had, on account of being the lessee of the proprietor of the hotel, "using this part as a garage, then you must give him some damages."

We think this error is fatal if the question is properly raised. The exceptions no doubt suffice. The difficulty is with the grounds of appeal. The sixth ground sets forth a large part of the charge, more than two printed pages. This fails to specify as the law requires the specific legal error. *Oliver* v. *Phelps*, 21 *N. J. L.* 597, 609. The case was not one for a nonsuit or direction of a verdict, since the jury might have inferred malice on the part of the defendant in writing the letters charging fraudulent commercial purposes, and might have inferred that the chattels alleged to have been converted were in fact the property of·the plaintiff, regardless of whether he owned the trade name of Blairstown Garage.

We have come with some hesitation to the view that the eighth ground of appeal presents the question. It reads as follows: "The verdict of the jury, under the charge of the court, was based on facts not involved in the issue raised by the pleadings." We think this is equivalent to an averment that a false issue was left to the jury. We agree that such is the case. The judgment is reversed, but without costs. The record must be remitted for a new trial.